IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                      ORDER

                Plaintiff,

                                                      08-cv-566-bbc

     v.                                                    05-cr-22-jcs

WILFRED TRICE,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Defendant Wilfred Trice has filed a notice of appeal and request for a certificate of appealability from the judgment entered in this case on January 5, 2009, denying his § 2255 motion. Defendant has not paid the $455 filing fee, which makes it necessary to decide whether he is entitled to proceed on appeal in forma pauperis.

       According to 28 U.S.C. § 1915(a), a defendant who is found eligible for court-appointed counsel in the district court proceedings may proceed on appeal in forma pauperis without further authorization "unless the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed." Defendant had court-appointed counsel during the criminal proceedings against him and I do not intend to certify that his appeal is not taken in good faith. Defendant's challenge to

1

his sentence is not wholly frivolous. A reasonable person could suppose that it has some merit. Cf. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). Therefore, I will grant him leave to proceed on appeal in forma pauperis.

As to the certificate of appealability, a certificate shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Before issuing a certificate of appealability, a district court must find that the issues the applicant wishes to raise are ones that "are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S 880, 893 n.4 (1983). "[T]he standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000).

None of defendant's challenges to his sentence meet the demanding standard for a certificate of appealability. As I explained in the order entered on December 31, 2008, there is no merit to defendant's claims that he was denied effective assistance of counsel. Therefore, I will deny defendant's request for a certificate of appealability.

ORDER

IT IS ORDERED that defendant Wilfred Trice's request for leave to proceed in forma

2

pauperis on appeal is GRANTED; his request for a certificate of appealability is DENIED.

Entered this 26th day of January, 2009.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge

3